IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RANASHA GRAHAM,<br>Reg. No. 00255-510, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | CASE NO. 2:25-CV-344-WKW<br>[WO] |
| MILTON WASHINGTON, | ) ) | |
| Respondent. | ) | |

# ORDER

Petitioner Ranasha Graham, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which was docketed on May 2, 2025. (Doc. # 1.) At the time of filing, Petitioner was incarcerated at the Federal Prison Camp in Montgomery, Alabama. (*Id.* at 1.) Petitioner has since been released to a residential reentry management (RRM) facility[1] and provided the court with a change of address (Doc. # 11). Because Petitioner has been transferred to an RRM, there is no longer a case or controversy to litigate, and this court can no longer provide any meaningful relief to Petitioner. *See Adams v. Washington*, No. 2:24-CV-740-WKW, 2025 WL 2174855, at *1–2 (M.D. Ala. July 31, 2025). Therefore, Petitioner's petition is due to be dismissed without prejudice as moot. *Id.* at 2.

---

[1] The Federal Bureau of Prisons inmate database reflects that Petitioner is no longer in custody at the Montgomery Federal Prison Camp. Petitioner's current location is listed as Atlanta RRM. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 27, 2025).

Notwithstanding the mootness issue, dismissal without prejudice would still be appropriate due to Petitioner's failure to comply with a court order and prosecute this action. By Order dated July 1, 2025, the court directed Petitioner to file a reply to the warden's response to the petition, setting a deadline of July 23, 2025 ("July 1 Order"). (Doc. # 13.) Moreover, the July 1 Order expressly cautioned Petitioner that failure to comply with its directives would result in dismissal without further notice. (*Id.* at 3.) To date, over a month has passed since the imposed deadline, and Petitioner has not filed a reply as ordered. Accordingly, his petition is due to be dismissed for this reason as well.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a

2

finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

In this instance, Petitioner has not complied with the July 1 Order, despite its express directives and warning that a failure to comply would result in dismissal of this action. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of noncompliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 29th day of August, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE